BASTON *vs.* THE GEORGIA RAILROAD.

A person who declares that he was upon a railroad track by its consent and was injured by the running of the cars caused by unusual loading of the same—the timbers projecting seven feet beyond the track and he standing that distance from it at night, supposing himself safe at such a distance from the rail—several other trains properly loaded having passed without injury to him—has the right to go to the jury—the question of negligence being one peculiarly for the jury, the presumption in all cases being against the company; and a declaration alleging facts to the effect above stated should not have been dismissed on demurrer.

Railroads. Presumptions. Negligence. Before Judge GIBSON. Columbia Superior Court. March Term, 1877.

Reported in the opinion.

T. & J. L. OAKMAN, by W. D. ELLIS, for plaintiff in error.

BARNES & CUMMING, for defendant.

JACKSON, Judge.

The single question made by this record arises upon a demurrer to the plaintiff's declaration, which demurrer was sustained and the action dismissed.

The declaration was to the effect that the plaintiff was upon defendant's line of railway by its *consent*, walking on the track at a certain point, about nine o'clock at night, when defendant's train of freight cars came behind him in the dark ; that he stepped some six or seven feet from the track on one side, far enough ordinarily to be secure from danger from the running of the train, but was prevented from getting still further by a hedge or thicket of briers left growing on the defendant's right of way ; that several of the trains passed him in entire safety to himself, when a piece of timber projecting from one of the rear trains, struck him in the head, felled him to the ground, badly injured him ; and that this injury was the result of gross negligence on the part of defendant in loading its cars with freight in such an unusual manner, and in permitting the piece of timber to project so far off of the track of its road.

Taking these allegations to be true, the plaintiff would be entitled to recover. Even a trespasser upon the track of a railroad is entitled to be protected from gross negligence. Human life is sacred, and if a human form appear on the road walking or sitting or lying down, some effort should be made to save life. But this is the case of man going from one point to another on the track of the road by its consent, and who, therefore, is not a trespasser, but was entitled to greater consideration than a mere trespasser would be entitled to claim. Having got off the track six or seven

feet—far enough to be safe where the cars were loaded as usual and the freight did not project—he had a right to suppose that he was safe; and it proved to be the case that he was safe when several trains passed him and until this train, loaded in an unusual manner, with timbers projecting more than six or seven feet from the track, struck him and inflicted the damage upon him by gross negligence on defendant's part.

Section 3033 of our Code is in these words: "A railroad company shall be liable for any damage done to persons, stock, or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all reasonable care and diligence, the presumption in all cases being against the company."

Section 3034 is to the effect that the plaintiff cannot recover if the injury "is caused by his own negligence"; but if both parties are negligent, he may recover, but the damages will be diminished in proportion to his contributory negligence.

Under this law, when this *person*, for he certainly is a person, was hurt and had damage done him by this company, "*by the running of the cars*," the presumption was against the company that its negligence caused it. Does this declaration show that this person's "*own negligence caused it*," so as to defeat his recovery under section 3034? Certainly not. He got off far enough to be safe had the car been loaded as he had the right to reason that it was loaded. Even if he had been somewhat negligent, it cannot be said with truth that his negligence caused the injury by itself, under the facts here set out and admitted to be true. See, also, 56 *Ga.*, 540.

It may be that the company will show itself to be without fault by showing that its agents "exercised all ordinary and reasonable care and diligence"; but admitting, which the demurrer does, the charges made here against it, they

certainly show injury to the person; and as the law presumes negligence against the company, which it must rebut, and as negligence is a question for the jury, we cannot see why this person has not the right to go to the jury. 56 *Ga.*, 544. Especially must this be his right when he was on the track by the consent of the defendant.

Judgment reversed.