## TIFT *vs.* JONES.

[Hall, J., being disqualified, Judge Marshall J. Clarke, of the Atlanta Circuit, was appointed to preside in his stead.]

1. On reading the brief of evidence, the complaint that the defendant's right of cross-examination was abridged is not sustained. It appears that there was simply a colloquy between the court and counsel as to the propriety of a question which counsel asked, and which, after some hesitation, was allowed; and nothing was said by the judge to the injury of defendant.
2. This ruling also controls the fifth assignment of error.
3. The sixth assignment of error is not well taken. The evidence to which it refers, and which was allowed over defendant's objection, was directly responsive to a question propounded by his counsel, which was in line with several others that immediately preceded it.
4. Where the judge, in passing upon the admissibility of certain testimony tendered by the plaintiff, referred, by way of explaining his judgment, to certain facts as already in evidence, this was not such an expression of opinion as to what had been proved as to require a new trial; and in this case, the court correctly stated what had been put in evidence.
5. The question excepted to as leading in the eighth assignment of error does not appear to be open to this criticism, when taken in connection with the antecedent examination of the witness. The matters in the question which might have imparted to it this character, had already been fully disclosed by the witness. The testimony set out in this assignment as objectionable cannot be considered by this court, as no ground of objection is mentioned.
6. It is the duty of the judge to explain to the jury what is meant by

ordinary care, but he cannot rightfully direct them that certain facts recited by him do or do not constitute ordinary care in a given case. Negligence and diligence are questions for the jury, to be determined in each case upon its own facts, and the judge would invade their province should he declare when either is proved. The court has qualified this rule to the extent only of deciding that, where the law itself requires the performance of any act, the judge may instruct the jury that due diligence would re- quire the doing of such act.

7. Where, in a suit for damages against the keeper of a toll-bridge by a traveler, the only breach of duty alleged was the .negligent failure of the defendant to keep his bridge in safe condition for travel, and there was no other allegation of bad conduct on his part, it was error to charge that, " if any damage should occur by reason of the neglect or carelessness or the bad conduct of the toll-bridge keeper, he would be liable, provided the party who was crossing exercised ordinary care and diligence in so crossing." Such a charge was inapplicable to the case.

March 5, 1887.

Evidence. Practice in Superior Court. Practice in Supreme Court. Charge of Court. Negligence. Roads and Bridges. Before Judge BOWER. Dougherty Superior Court. April Term, 1886.

This case will be found reported in 63 *Ga.* 488, and 74 *Id.* 469. On the last trial, the jury found for the plaintiff $10,000. The defendant moved for a new trial on sub- stantially the following grounds:

(1.) Because the court refused to charge as follows: "Ordinary care requires of a party crossing a chasm on timbers elevated at one end to look in front and to where he is placing his feet, and (see) whether the floor in front of him is torn up or not ; and if he fails to exercise said care, he cannot recover, however much the defendant may have been negligent."

(2), (3.) Because the verdict was contrary to law and evi- dence.

(4), (5.) Because of the following practice : Counsel for defendant was examining the plaintiff as a witness, and asked the question, " Is it not true (you are a doctor and

an expert) that when a man is under the influence of whiskey,.his mind, like that of a monomaniac, runs more particularly on one point than another?" To which the plaintiff responded, "Well, if a man takes any liquor at all, he is, to a certain extent, under the influence of liquor. Even a patient, when you administer it to him, an ounce or half-ounce, is more or less under the influence, but he is not a maniac; still he is under the influence of liquor. If you will define any extent of influence ——" The court said, "This is extending a little too far; ask him, if you want to, all about his condition, physical and mental, and let him get through with it. We have had a great deal of evidence on this subject." Counsel for defendant insisted on proceeding with the examination on this point, and commenced to argue the question; whereupon the court remarked that, as the object was merely to save time, it would better accomplish that purpose to avoid the argument by allowing the counsel to go on with the question, which he did.—The defendant says the action of the court was erroneous, in that it tended to cut off full cross-examination and to create prejudice and bias against the defendant in the minds of the jury. [The court stated, in. a note to these grounds, that the examination on this subject had already been thorough and lengthy.]

(6.) Because, when defendant's counsel asked the plaintiff, as a witness, what danger there was to his daughter after she crossed the river, and the witness answered, " It was in 1870, and there were tramps and vagabond negroes traveling up and down the country; I did not know what insult or indignity might be offered her," and defendants's counsel objected to the answer, the court overruled the objection.

(7.) Because of the following practice : Plaintiff's counsel proposed to ask him, as a witness, what he would have done, but for the invitation of the bridge-keeper, about attempting to pass that bridge; the defendant's counsel objected, and the court remarked, "I suppose the object of

counsel for plaintiff is to find out whether that was a circum-
stance that threw plaintiff off his guard; in that view, it
would be a proper question, I think." Defendant's counsel
urged his objection by argument of some length, and after
some time, the court again remarked, "I believe the court
can restrict arguments on questions of admissibility of evi-
dence; state your reasons for the objection; I cannot hear
further argument on it." Counsel for the defendant said,
"Your honor then rules that when I make an objection, I
cannot state the reasons for it." The court replied, "No,
I don't rule that; you can state your points clearly and
take as much time as is necessary to go on and state them
and your reasons, but not to make an argument. I think
the question now objected to is proper and ligitimate for this
reason: it is in evidence already that the toll-keeper told
him to put his horse up and come back and cross; that
might have reduced the amount of care and diligence he
may otherwise have used, or made some change; I do not
know what the jury may think of it."—Defendant insists
that this contained an expression of opinion of the judge
as to what had been proved, and was also a misstatement
as to what had been testified to by the plaintiff.

. (8.) Because the court overruled defendant's objection
(on the ground of its being leading) to the following ques-
tion: "What would you have done as to crossing that
bridge but for what was said to you by Mr. Joiner about
going and putting up your horse and about your daughter
having gone over?" [The defendant objected also to the
testimony contained in the answer to this question, but
states no ground of objection.]

(9.) Because the court charged the jury in the language
set out in the seventh division of the decision.

(10.) Because the court erred in charging the jury (after
charging as to the right of a bridge-owner to take up his
bridge for repairs): "When he does this, it is discretionary
with him whether or not he suspends the bridge as a toll-
bridge. For some repairs it might not be necessary for

him to do so; in others it might be necessary. It is, however, discretionary with the toll-bridge keeper as to whether he suspends the taking of tolls from parties crossing over the bridge or not while it is undergoing repairs. If he does suspend the taking of tolls of parties crossing over it as a toll-bridge whilst it is undergoing repairs, he is not bound then by those duties that are required of him whilst it is being used as a toll-bridge."

(11.) Because the court charged as follows: "If the owner or proprietor of a toll-bridge has not used ordinary care and diligence in putting and keeping his bridge in such safe condition as that a party might cross it without danger of injury, provided they exercise ordinary care and diligence in the crossing, and the party who crosses exercises ordinary care and diligence in the crossing in avoiding danger and injury, and he is yet injured, the toll-bridge keeper would be liable for the injury."

(12.) Because the court charged as follows: "On the other hand, if the party crossing exercises ordinary care and diligence in crossing, but yet in some manner, to some extent or degree, contributed to bring about his injuries that he received, contributed to placing himself in danger, the toll-bridge keeper would be liable if he had not exercised ordinary care and diligence in keeping his bridge in such a condition as that parties might cross it by exercising ordinary care and diligence and caution. But if the party crossing, after the exercise of ordinary care and diligence, yet contributed, to his own danger and injury, to bringing it about, the toll-bridge keeper would be liable, but the damages should be reduced to the extent of the contribution by the party crossing to his own injury. They should be reduced by the jury according to the amount of contribution to his own injury—the party crossing contributed."

(13.) Because the court charged as follows: "If you should find from these rules I have given you that the defendant is liable, then you should consider whether he is

liable for the whole amount of the damages proven by reason of the plaintiff's not having contributed to bringing about his own injuries by any act of his own, or whether he would only be liable to a less amount, reduced by some contributory negligence of the plaintiff in bringing about his own injuries."

(14.) Because the court charged as follows : " Therefore, one of the questions for you to determine, perhaps first in order, would be, whether the bridge was being kept as a toll-bridge at the time the injuries were received, or not."

(15.) Because the court charged as follows: " It is necessary, before recovery can be had, that the bridge was being kept as a toll-bridge, and that parties were being allowed to cross there as a toll-bridge, that the crossing of parties on it as a toll-bridge, and the taking of tolls had not been suspended during the period, or at the time that the party crossed who received the injuries."

(16.) Because the court charged as follows : " Consider carefully and arrive at a conclusion as to whether the bridge was being kept as a toll-bridge or not at the time these injuries were received. If it was not, and that should be your conclusion from all the evidence in the case, then you would find in favor of the defendant. If it was being kept as a toll-bridge, and defendant was allowing parties and permitting them, with his consent and knowledge, to cross that toll-bridge, then you would address yourself to the question as to whether it was kept in such a safe condition by the defendant, Tift,—whether he used ordinary care and diligence in keeping it in such a safe condition as that this plaintiff, he using ordinary care and diligence, might have avoided the danger and injuries he received in attempting to cross."

(17.) Because the court charged as follows : " You can take into consideration also what the parties were doing there at the time in regard to repairing the bridge. Take all these circumstances and all the other evidence into consideration, and determine whether the defendant used or-

dinary care and diligence in putting and keeping that part of the bridge, where the injury was received, in such a safe condition as that the plaintiff in this case could have p issed over safely without injury by the use of ordinary care and diligence himself."

(18.) Because the court charged as follows : " You will consider, together with all the other evidence in that connection, the conduct of the defendant, or his bridge-keeper, what they said and did, together with the conduct of the plaintiff, the condition of the bridge, and determine whether the plaintiff could have avoided the injuries by the use of ordinary care and diligence in crossing over."

(19.) Because the court charged as follows: " Upon the other question as to contributory negligence, if you find that the plaintiff used ordinary care and diligence in crossing, and that the defendant did not use ordinary care and diligence in putting his bridge in a safe condition for parties to cross, you will then consider the evidence again and see if the plaintiff, by any act of his, contributed to bring about the accident by which he received his injuries, and if you find that the plaintiff (Jones) did, in some way, contribute to bring about the accident by his negligence or carelessness, or by some act of his, after using ordinary care and diligence in trying to pass over, though you would find the defendant liable for damages, you would reduce the damages to an extent according to what you think would be right on account of the plaintiff's having contributed, by some act or negligence of his, to bring about the injuries, even after using ordinary care and diligence in trying to pass over safely. If you should find the defendant liable for damages, after deciding whether he is to be liable for the whole amount of the damages, or whether the damages should be reduced on account of the plaintiff's having contributed to bring about these injuries he received, then you would take up the evidence on the subject of damages so as to arrive at what would be a correct amount."

(20), (21). Because the court charged as follows : " In

determining the question of ordinary care in regard to the defendant, you will take into consideration the condition of that torn up part of the bridge in connection with that question, and.consider that as an element in determining whether he did exercise ordinary care in keeping that part of the bridge in a good and safe condition at the time for parties to cross by their exercising ordinary care and diligence in crossing."

(22.) Because the court charged as follows : " In regard to the question of toll having. been paid by Dr. Jones in the morning, if you find from the evidence that plaintiff paid toll for the crossing in the morning, also in advance for re-crossing, the toll paid that morning for crossing and re-crossing would be evidence that the bridge was kept as a toll-bridge that morning for crossing, but it would not be evidence that it was kept as a toll-bridge when he returned to cross that evening, if the evidence shows that it was torn up during the *interim;* but whilst that circumstance would not be evidence that it was kept as a toll-bridge, you will look to the other evidence and see if there was evidence or not sufficient to show that it was kept as a toll-bridge outside of that circumstance."

(23.) Because movant insists that the whole charge, as a charge, as applicable to the case, and to the evidence submitted on the trial, and the law applicable thereto, so far as relates to the rule of liability of the defendant and the right of the plaintiff to recover, was erroneous.

The motion was overruled, and the defendant excepted.

LYON & GRESHAM ; D. H. POPE, for plaintiff in error.

H. MORGAN ; G. J. WRIGHT ; L. ARNHEIM ;. C. B. WOOTEN ; J. W. WALTERS, for defendant

CLARKE, Judge.

The record in this case presents twenty-three assignments of error. Five of these, to-wit, the fourth, fifth,

sixth, seventh and eighth, relate to the rulings and conduct of the judge pending the introdution of the evidence; sixteen, to-wit, the first, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-third, to the charge of the court, and two, to-wit, the second and third, to the verdict. We will pass upon these assignments in the order stated, except that, for reasons which will appear obvious, we shall decide nothing as to the verdict :

1. The complaint on the fourth assignment of error is, that the defendant's right to cross-examine the plaintiff was abridged by the court. We find, on reading the brief of evidence, that this complaint is without merit. It appears simply that some colloquy occurred between the judge and the leading counsel for the defendant about the propriety of a question which the latter asked the plaintiff, in which the judge, after some hesitation, allowed the question. Nothing was said by the judge to the injury of defendant.

2. What is here said about the fourth assignment of error applies also to the fifth, which, indeed, relates substantially to the same matter.

3. The sixth assigment of error is not well taken. The evidence to which it refers, and which was allowed over defendant's objection, was directly responsive to a question propounded by his counsel. It may be added, too, that the question was in line with several others which immediately preceded it.

4. It is alleged, in substance, in the seventh assignment, that the judge, in passing upon the admissibility of some testimony tendered by plaintiff, referred, by way of explaining his judgment, to certain facts as already in evidence. The defendant says that this is error, because it involves an expression of opinion by the judge that the facts recited by him were proved; and further, because the judge misstated these facts as exhibited in the testimony.

The latter objection appears, on an inspection of the brief of evidence, to be unfounded.   The judge stated correctly what the witness in question had testified.   The other objection rests upon a confused notion of evidence and proof. "The word evidence, in legal acceptation," says Greenleaf, "includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved. This term and the word proof are often used indifferently as synonymous with each other; but the latter is applied by the most accurate logicians to the effect of evidence, and not to the medium by which truth is established."   Green. Ev., vol. 1, sec. 1.   Should a judge declare what has been proved, he would violate a statute of this state and usurp the functions of the jury, but there are many purposes for which he may rightly state matters which are in evidence.   22 *Ga.* 403; 30 *Id.* 426; 43 *Id.* 368; 56 *Id.* 365; 68 *Id.* 292.

5. The question excepted to as leading in the eighth assignment of error does not appear to us to be open to this criticism, when taken in connection with the antecedent examination of the witness. 'The matters in the question· which might have imparted to it this character had already been fully disclosed by the witness.   The testimony set out in this assignment as objectionable cannot be considered by this court, as no ground of objection is mentioned.   The rule that the "bill of exceptions shall specify plainly the decision complained of and the alleged error" is not complied with where a party excepts to testimony without giving any reason why it should not be received.   Code, §4251; 14 *Ga.* 173, 184.

6. We come now to a long series of exceptions to the charge of the court.   It is alleged in the first assignment of error that the court failed to give to the jury certain written instructions therein set out and which were duly presented to the judge.   We think the request was properly refused.   It is the duty of the judge to explain to the jury what is meant by ordinary care, but he cannot right-

fully direct them that certain facts recited by him do or do not constitute ordinary care in a given case. Negligence and diligence are questions for the jury, to be determined in each case upon its own facts, and the judge would invade its province should he declare when either is proved. 60 *Ga.* 339, 441; 74 *Id.* 385, 426. The court has qualified this rule to the extent only of deciding that, where the law itself requires the performance of any act, the judge may instruct the jury that due diligence would require the doing of such act. 65 *Ga.* 120.

7. In respect to the other complaints against the charge of the court, we are of opinion that, with one exception, they are not just. This exception relates to so much of the charge as is copied in the ninth assignment of error. The language is as follows : " That the duty of a toll-bridge keeper imposed by law is to use ordinary care and diligence in putting and keeping his bridge in such safe condition as that any one may cross over it safely and without injury who exercises ordinary care and diligence on their part in so crossing. If any damage should occur, by reason of the neglect or carelessness or the bad conduct of the toll-bridge keeper, he would be liable, provided the party who is crossing exercised ordinary care and diligence in so crossing." The last sentence of this instruction is taken substantially from section 690 of the Code of this State, the whole of which is as follows :

" Any proprietor of any bridge, ferry, turnpike or causeway, whether by charter or prescription, or without, or whether by right of owning the lands on the stream, are bound to prompt and faithful attention to all their duties as such; and if any damage shall occur by reason of nonattendance, neglect, carelessness or bad conduct, he is bound for all damages, even if over and beyond the amount of any bond that may be given."

We think that so much of the charge as refers to the bad conduct of a toll-bridge keeper is error, not because it is not law, but because it was inapplicable to the case

being tried.   What the case was must appear from the pleading.   The plaintiff in his delaration sues for a breach of duty committed against him by the defendant while he was acting in the capacity of keeper of a toll-bridge and the plaintiff was a traveler over such bridge.   What the breach of duty was is clearly set forth.   It is charged to have consisted solely in the negligent failure of the defendant to keep his bridge in a safe condition for travel. No other departure by defendant from his obligations is intimated.   Certainly no bad conduct is alleged against him.   Yet with this case stated on paper by plaintiff as all that he claimed, the judge informed the jury that, if any damage occurred to plaintiff by reason of the neglect or carelessness or the " bad conduct " of the defendant as the keeper of a toll-bridge, he could recover therefor, thus presenting as a distinct cause of action " bad conduct " on defendant's part.   We are constrained to regard this language in the charge as inappropriate and likely, under the peculiar facts of this litigation, to have misled the jury.   The judgment of the court below is therefore reversed and a new trial ordered.

Judgment reversed.