22399. JESSUP *et al. v.* HUMPHREYS.

DECIDED NOVEMBER 19, 1932.

*D. D. Smith,* for plaintiffs in error.

*J. H. Milner, Will Ed Smith,* contra.

PER CURIAM. J. D. Humphreys sued W. L. Jessup, L. D. Jessup, and E. H. Jessup as copartners, averring in his petition that defendants ordered from him fifty pieces of piling of specified dimensions; that he tendered to defendants said piling in accordance with the required specifications; that said piling was cut especially to fill defendants' order and was "unmarketable to others;" that defendants accepted nineteen pieces of said piling and rejected the remaining thirty-one pieces; and that plaintiff was damaged in the sum of $223.20. Briefly stated, the defense was that defendants ordered the piling in the regular course of their business, to fill a customer's order, and that thirty-one pieces were rejected because they failed to come up to specifications and could not be used by defendants. The jury trying the case returned a verdict in favor of the plaintiff for $111.60, and defendants made a motion for a new trial.

It appears from special ground 2 that the court charged section 4127 of the Civil Code (1910), which is as follows: "When the sale is of goods to be manufactured and delivered at a future time, the question of risk will depend upon the fact, to be ascertained in each case, whether the parties stipulated for a particular article in course of construction, or an article filling the specifications of the contract. In the former case the title passes to the vendee before delivery; in the latter it does not." It is averred in special ground

3 that the trial judge erred in charging section 4131 of the Civil Code (1910), which reads as follows: "If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time and place of delivery; or he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale; or he may store or retain the property for the vendee and sue him for the entire price." The gist of the assignment of error in each of the grounds referred to is that the charge was inapplicable to any issue in the case. Counsel for defendant in error admits that this is true, but insists that the defendants' case was not hurt by the charge in either instance. It is enough for a jury to be called upon to apply the appropriate law to the facts of a case; and where, in a case like this, the court charges two rather lengthy and difficult code sections, neither of which is applicable to the issues in the case, we can not escape the conclusion that his charge was confusing to the jury and probably harmful to the defendants. In these circumstances we deem it proper to reverse the judgment of the trial court. The general grounds of the motion for a new trial will, of course, not be considered, and the other two special grounds, which have reference to the court's instructions to the jury, disclose no reversible error.

*Judgment reversed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*