32758   SOUTHERN RAILWAY COMPANY *v.* FLORENCE.

2

DECIDED FEBRUARY 17, 1950.

*Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiff, in error.

*William Hall, Douglas Dennis,* contra.

WORRILL, J. ■ The first two grounds of special demurrer objected to that portion of the plaintiff's petition relating to the position of the train at the crossing. The defendant complains that certain portions of paragraphs 7 and 8 were so vague and indefinite that the defendant could not tell in what position the train was with reference to the crossing, that is whether it was blocking or only partially blocking the crossing or completely off the crossing. The allegations of the petition show that the train was on the southeastern side of the crossing with the cars between the engine and the crossing, the train facing away from the crossing, with the nearest car to the crossing being some 15 feet from the edge of the pavement on Humphries Street. We do not think that resort to rules of construction need be had to demonstrate that these allegations clearly show that the train was to the southeast of the crossing and not on or partially on the crossing. This ground of the demurrer is without merit.

■ The next special demurrer attacks the allegations of the petition respecting the plaintiff's blowing his horn on the ground that the same were irrelevant, immaterial and prejudicial, and it not appearing that sufficient time elapsed between the time he commenced blowing his horn and the collision, for the defend-

ant's agents or servants to have avoided the collision, and it further not appearing that the agents or servants of the defendant heard, or in the exercise of ordinary care should have heard, the blowing of the horn. This ground is without merit. The plaintiff alleged that he was standing at the crossing and the defendant's train was also standing there, that he blew his horn and proceeded across the tracks and that, after he had begun to move, the defendant's train suddenly lunged across the crossing striking his automobile. It was not incumbent upon the plaintiff to blow his horn before proceeding across the defendant's tracks or to give notice to the defendant's servants or agents that it was his intention to do so. If he did give such notice by blowing his horn, then such action was merely a precautionary measure which the plaintiff could allege as he saw fit, or not at all. If in fact the plaintiff did not give the defendant's servants sufficient warning of his intention of crossing the tracks, such fact was a defensive matter upon which the defendant might rely upon the trial and sustain by competent evidence. To this extent the defendant's demurrer on this ground was without merit.

Since the remaining paragraphs of the demurrers denominated special demurrers and the general demurrers relate to the same question, that is, whether the petition sets forth a cause of action, these demurrers will be disposed of together. The substance of the defendant's attack on the petition in the five grounds of general demurrer, and in the remaining 13 grounds of special demurrer is simply this: The defendant demurred to the petition generally because it shows that the sole proximate cause of the plaintiff's injury and damage was his own negligence or that the plaintiff could, by ordinary care, have avoided the consequences to himself of the defendant's alleged negligence, or that any injury received by the plaintiff was done by his own consent. The special demurrers attacked various allegations of the petition relating to the negligence charged to the defendant on the grounds that the petition showed that the plaintiff had notice of the presence of the train on or near the crossing and that there was no reason shown why the plaintiff should not have anticipated that the train might move over the crossing at any time and that the conclusion that "he

assumed that the train would not move without giving a warning signal" was not warranted by the ultimate facts alleged; that the failure of the defendant's servants to signal the approach of the train to the crossing either by tolling or ringing the bell or by having a flagman or other person placed on the front end of the train or preceding it onto the crossing, and the failure of the engineer to keep a constant and vigilant lookout for persons on the crossing were not shown by the facts alleged to have proximately contributed to the plaintiff's injuries and damage.

The principle that questions of negligence, contributory negligence, cause and proximate cause are questions of fact for the consideration of a jury, and that such questions will not be decided by the court on demurrer except in plain, palpable and indisputable cases, is so well-established in Georgia and so frequently applied in the decisions of this court and of the Supreme Court as to need no citation of authority. Code § 94-506 contains what is commonly known as the blow-post law. Among its other provisions this section requires that the engineer of a train shall, while approaching a public crossing, "keep and maintain a constant and vigilant lookout . . and shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on said crossing." Section 94-507 is as follows: "Within the corporate limits of cities, towns and villages the said railroad company shall not be required either to erect the blowpost hereinbefore provided for or to blow the whistle of its locomotives in approaching the crossing or public roads in said corporate limits, but in lieu thereof the engineer of each locomotive shall be required to signal the approach of his train to such crossing in said corporate limits by constantly tolling the bell of said locomotive, . . Provided further, that nothing in this section contained shall be held to relieve the said engineer or the said railroad company of his or its duty of keeping and maintaining a constant and vigilant lookout along the track ahead of its engine while moving within the corporate limits of said city, town or village, or to excuse such railroad company or such engineer from exercising due care in so controlling the movements of such trains as to avoid doing injury to persons or

property which may be on such crossing within said city. . ."
We think that these provisions of the law placed a clear and
positive duty upon the engineer of the defendant's freight train
and that the allegations as to his failure to ring the bell or keep
a lookout made a jury question as to the proximate cause of the
plaintiff's injury and damage, and that the trial court properly
overruled the demurrer as to the allegations of these facts. It
has been held many times in Georgia that the failure on the
part of a person approaching a railroad crossing and unaware
of the approach of a train, to stop, look, or listen does not con-
stitute such negligence as would, as a matter of law, bar his
recovery in an action based on ordinary negligence. *Callaway
v. Cox*, 74 *Ga. App.* 555 (40 S. E. 2d, 578). The Code sections
referred to above place upon the operators of a railroad train
running across public crossings certain duties to warn the public
of the approach of the train. Generally a person has the right
to enter upon such public crossing at any time if he is unaware
of the actual approach of a train. A train standing, no matter
how near the crossing, is not a train approaching the crossing.
The mere fact that the plaintiff saw an engine of the defendant
with cars attached thereto standing on the tracks near the cross-
ing, with steam up, affords no justification for holding that, as
a matter of law, the plaintiff was so negligent in going upon the
crossing as to bar a recovery where there is no other fact to
show that he had any cause to believe that the defendant's
servants would move the train toward the crossing without first
giving a warning to the public using the crossing as required
by law. A party using a public crossing has a right to assume
that the railroad's employees will obey the law and will use
reasonable care in avoiding injuring him, and we cannot say,
as a matter of law, under all the facts and circumstances alleged,
that the defendant's employees' failure to ring or toll the loco-
motive bell or to place a flagman on the front end of the cut of
cars being pushed across the crossing or to have one precede
the cars onto the crossing, or to, in some otherwise, warn the
plaintiff of the impending movement of the cars onto the cross-
ing, and the failure of the engineer to keep a constant and
vigilant lookout in the direction of the movement was not such
negligence as to support a recovery by the plaintiff for the injuries

received. The court did not err in overruling the general and special demurrers.

■ The first special ground of the motion for new trial complains that the trial court erred in charging the jury as follows: "You are made by law the exclusive judges of the credibility of the witnesses in this case, and in passing on their credibility you may consider the witnesses, their manner and demeanor while on the witness stand, their interest or want of interest in the outcome of this suit; their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, whether in your opinion their testimony is reasonable or unreasonable, probable or improbable; you may consider their intelligence and also their personal credibility insofar as it may legitimately appear to you from a trial of this case. You may consider the number of witnesses testifying upon one side or the other though I charge you that the greater weight of the testimony is not necessarily with the larger number of witnesses." This charge is objected to on the ground, among others, that the charge purports to be a charge on the method for determining the preponderance of the evidence, and that, if it be a charge on that subject it is not correct, in that it omitted to instruct the jury that in determining where the preponderance of the evidence lies they might consider all the facts and circumstances in the case. It appears from an examination of the charge objected to that the first portion of the charge was in fact a charge on the credibility of the witnesses. However, the final sentence of the quoted portion clearly refers to the method for determining the preponderance of the evidence, and in that respect it is not complete. Code, § 38-107. It has been repeatedly held by this court and by the Supreme Court that while it is not error to fail to charge on the preponderance of the evidence, if the court undertakes to do so it must charge fully with respect thereto, and failure to do so is error. *Shankle* v. *Crowder*, 174 *Ga.* 399, 410 (8) (163 S. E. 180); *Garner* v. *Wood*, 188 *Ga.* 463, 465 (3) (4 S. E. 2d, 137); *Fountain* v. *McCallum*, 194 *Ga.* 269, 275 (12) (21 S. E. 2d, 610). This charge was, therefore, error and requires that a new trial be granted.

■ Ground 6 of the amended motion for new trial complains

of the following charge of the court: "If the plaintiff recovers the plaintiff would have to recover, gentlemen, upon acts of negligence alleged by the plaintiff in this petition and shown by the evidence in the case. Even if defendant company was negligent, the plaintiff could not recover unless his recovery was based upon the allegations of negligence and the proof of negligence in support of the same." This charge was objected to on the ground that it was confusing and misleading to the jury and that it led the jury to believe that if the plaintiff proved that the defendant was negligent in one or more of the ways charged in the petition, then the plaintiff could recover whether or not the jury should find that such negligence was the proximate cause of the plaintiff's injury and damage. Ground 7 assigns error on the ground that the trial court erred in failing to charge the jury that if they should believe that the defendant was negligent in one or more of the ways charged, they would have to find also that such negligence was the proximate cause of the injury and damage received by the plaintiff. These grounds are without merit. The court instructed the jury that if the plaintiff recovered he would have to recover on "the negligence alleged *and shown by the evidence in the case.*" (Italics ours.) Furthermore, the court charged in summarizing the allegations of the negligence alleged, that, "It is for you to say, gentlemen, whether or not the defendant was guilty of those acts therein alleged and whether those acts were negligence and *whether,* if the defendant committed the same, *it was the proximate cause of plaintiff's injury,* if the plaintiff was injured." Later on the court instructed the jury as follows: "Now, gentlemen, you will first determine whether or not the defendant was negligent as charged, and *whether or not such negligence was the direct and proximate* cause of injury and damage to the plaintiff." (Italics ours.) In the absence of a timely written request for more complete instructions on proximate cause these excerpts from the charge were sufficient instructions on the subject, and the trial court did not err in overruling this ground of the motion for new trial. *Stewart* v. *Mynatt,* 135 *Ga.* 637, 640 (4) (70 S. E. 325); *Southern Grocery Stores Inc.* v. *Cain,* 50 *Ga. App.* 629 (3) (179 S. E. 128).

Error is assigned in ground 8 of the amended motion on

the refusal of the court to give in charge the following written request: "I charge you, gentlemen of the jury, that if you believe from the evidence the injury or damage, if any, to plaintiff, M. L. Florence, was occasioned by the failure, if any, of the plaintiff to exercise ordinary care for his own safety, then and in that event plaintiff M. L. Florence would not be entitled to recover and it would be your duty to return a verdict for the defendant Southern Railway Company." It is contended that the request to charge was pertinent to the issues in the case and not covered by the general charge given. However, the court instructed the jury that: "If you find the defendant company was negligent in one or more of the particulars charged against it in this case but if you further find that the plaintiff in the exercise of ordinary care could have avoided the consequences to himself, caused by the defendant's negligence the plaintiff could not recover. If the plaintiff's injuries were, gentlemen, by his consent or by his own negligent acts, or if caused by the plaintiff's failure to exercise ordinary care for his own safety, plaintiff could not recover." Assuming that the charge requested was a statement of a correct legal principle, we think it is evident that the excerpt from the charge as given substantially covered the request, and that the court did not err in refusing the request, and in overruling this ground of the motion for new trial.

Ground 9 complains of the refusal of the court to give this written request to charge: "I charge you, gentlemen of the jury, that if you believe from the evidence that a custom, if any, existed, at the time of the occurrence which is the basis of this suit, with respect to the placing or parking of trains by defendant at a point at or near the Humphries Street crossing in such manner as to cause the automatic signaling device at said crossing to operate, you would not be authorized to find that such custom, if any, relieved plaintiff, M. L. Florence, of the duty to exercise ordinary care for his own protection." The court, in its general charge, instructed the jury: "Now, gentlemen, I charge you that you will consider the alleged custom upon the part of the defendant and the plaintiff's alleged knowledge of said custom upon that question as to whether or not such alleged custom of the railroad company if it was known to the plaintiff, would excuse the plaintiff himself or [of] what otherwise might be negli-

gence upon the part of the plaintiff in proceeding to drive his car across the tracks of the railroad company in spite of the operation of the signal device at the time and place in question. You would not consider the acts of the defendant company in regard to said custom prior to this occurrence now sued upon as any charges of negligence against the defendant company, nor could plaintiff recover in this case if you otherwise find the plaintiff not entitled to recover, merely on account of the fact you found such custom did exist prior to this time." While this charge given may have been inapt in some of its expressions, and while the defendant's request possibly was better adjusted to the issues made by the evidence, the court did not err in refusing to give the request, and in overruling this ground of the motion for new trial.

Grounds 10 and 11 of the motion for new trial complain of the following excerpts from the charge of the court: "The plaintiff, gentlemen, has introduced evidence in this case seeking to show a custom upon the part of defendant company existing for some period of time prior to the alleged injury in this case, as shown by the evidence; under which custom, plaintiff contends, defendant company had at previous times through its employees caused or permitted its locomotives and cars, one or the other, to stand at a point at or near this same street, Venable [Humphries] Street, in such a position as to cause the automatic signal device of the company to be in operation. Plaintiff contends that he, the plaintiff, was familiar with this custom of defendant company and that on the occasion in question, even though defendant company's locomotive and cars might have been near the highway and causing these signal devices to be in operation that that did not mean that plaintiff was necessarily charged with actual knowledge or constructive knowledge that the locomotive and cars were then and there about to cross said highway. The plaintiff contends, therefore, that under said custom, he, the plaintiff, cannot be chargeable with the failure to exercise ordinary care and dilligence for his own safety merely by reason of the operation at the time of these signal devices because of such custom.

"Now, gentlemen, I charge you that you will consider the alleged custom upon the part of the defendant and the plaintiff's alleged knowledge of said custom upon that question as

to whether or not such alleged custom of the railroad company, if it was known to the plaintiff, would excuse the plaintiff himself of what otherwise might be negligence upon the part of the plaintiff in proceeding to drive his car across the tracks of the railroad company in spite of the operation of the signal device at the time and place in question. You would not consider the acts of the defendant company in regard to said custom prior to this occurrence now sued upon as any charge of negligence against the defendant company, nor could plaintiff recover in this case if you otherwise find the plaintiff not entitled to recover, merely on account of the fact you found such custom did exist prior to this time."

As will be observed, the second paragraph of this charge was quoted approvingly in the preceding division of this opinion. One objection to these paragraphs of the charge is that they submitted to the jury an issue not made by the pleadings or the evidence. This contention seems to stem from the phrase, "cause or permitted its locomotives and cars *one or the other,*" found in the first paragraph of the charge, and we think that this exception is well taken. It has been held many times that it is error for the judge in his charge, to present to the jury issues not made by the pleadings or the evidence in the case, if the jury may be misled and confused by such instruction. *Baker* v. *Goddard,* 205 *Ga.* 477 (53 S. E. 2d, 754). See also *Tift* v. *Jones,* 77 *Ga.* 181 (7), 191 (3 S. E. 399); *Port Royal & Western Carolina Ry. Co.* v. *Davis,* 95 *Ga.* 292 (2) (22 S. E. 833); *Martin* v. *Nichols,* 127 *Ga.* 705 (2), 708, 709 (56 S. E. 995); *Hand* v. *Matthews,* 153 *Ga.* 75 (3), 80, 81 (111 S. E. 408); *Jessup* v. *Humphreys,* 46 *Ga. App.* 68 (166 S. E. 681). While perhaps this error is so slight as not to be harmful, we feel that since the case is reversed upon another ground, the inaptness of this portion of the charge excepted to ought to be carefully pointed out so that it will not be repeated upon another trial. The charge is not subject to the other criticisms made in these grounds of the motion for new trial.

■ Special ground 5 of the amended motion for new trial has been abandoned. The general grounds of the motion for new trial are not passed upon.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*