36351.   CRUISE *v.* CITY OF ROME.

DECIDED SEPTEMBER 21, 1956.

*Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Chastine Parker, Solicitor-General, Horace T. Clary, Parker Clary, Kent & Grubbs,* contra.

TOWNSEND, J. The evidence demands the conclusion that the ordinance when applied to certain crossings in the City of Rome will in effect prohibit the operator of a locomotive engine from giving adequate warning to persons who may be in, near, or about to enter a place of danger upon the tracks of the locomotive engine he is operating, and denies such persons proper protection from injury and such operator from the right lawfully to exercise ordinary care toward such persons and thus protect himself and his employer from liability. Acts of a municipal body under a power vested in it are conclusive on the courts unless so unreasonable or oppressive of the rights of the citizen as to constitute an attempted abuse rather than a legtitimate use of the power. *McMaster* v. *City of Waynesboro,* 122 *Ga.* 231 (50 S. E. 122). But the reasonableness of an ordinance is a question of law; municipal ordinances are reviewable by the courts as to reasonableness, and if found to be unreasonable they will be held void. *Great Atlantic & Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d 320). An ordinance which infringes upon the common or statute law of the State is void. *Haywood* v. *Mayor &c. of Savannah,* 12 *Ga.* 404 (4). The operation of a legally chartered railroad is a lawful business, and the railroad corporation, like any other real or artificial person in the State, has not

only the duty to exercise ordinary care for the protection of itself and others (*Pollard* v. *Savage*, 55 *Ga. App.* 470, 474 (190 S. E. 423), but the right to do those acts which are necessary in the exercise of such degree of care. This right it acquires under the common law of force in this State, and under art. 1, sec. 1, par. 2 of the Constitution of Georgia (Code, Ann., § 2-102) which provides as follows: "Protection to person and property is the paramount duty of government and shall be impartial and complete." A municipality is a political division of the State, having for its object the administration of a portion of the power of government delegated to it for that purpose. *Penick* v. *Foster*, 129 *Ga.* 217 (58 S. E. 773, 12 L. R. A. (NS) 1159, 12 Ann. Cas. 346). The municipality, like the State as a whole, therefore owes as its paramount duty to the citizen the protection of his person and property. Such duty is not fulfilled where the city passes an ordinance the effect of which is to deny to a citizen the right to protect his life and property, the property of his employer, and the lives and property of third persons in the only way in which, under the uncontradicted evidence in the case, such protection may be given in an adequate manner under certain circumstances. While nothing in the record indicates the reason behind the enactment of the ordinance, it may be assumed that it was done for the purpose of cutting down noise within the city limits, which noise might, if excessive, constitute a nuisance. But, as pointed out in *City of Acworth* v. *W. & A. R. Co.*, 159 *Ga.* 610, 622 (126 S. E. 454), "the installation of devices by railway companies for the safety and protection of persons and property, which pass over their crossings, is legitimate and commendable" and an ordinance which in effect constitutes such a safety device a "nuisance" under all conditions and circumstances without exception and as a matter of law is so unreasonable and arbitrary as to be void. Accordingly, the ordinance in question is void as contrary to the public policy and general welfare of the public, and the conviction is without authority of law.

The trial court erred in overruling and dismissing the petition for certiorari.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*