36423.   GEORGIA RAILROAD & BANKING CO. *et al.*
*v.* COOK.

D<small>ECIDED</small> N<small>OVEMBER</small> 19, 1956.

*Reuben M. Tuck, Weldon C. Boyd,* for plaintiff in error.

*Campbell & Vaughn, R. P. Campbell, C. R. Vaughn,* contra.

TOWNSEND, J. ■ The first headnote needs no elaboration.

■ Paragraphs 13 and 23(c) specify as negligence per se in contravention of Code § 94-506 the defendants' failure to blow the train whistle two long, one short and one long blast at a distance of 400 yards from the crossing. Special demurrers to both these allegations were overruled, and this ruling was error in view of the fact that the petition alleged the crossing to be within the corporate limits of a municipality, and Code § 94-506 has no application to crossings within municipalities. Special ground 10 of the amended motion for new trial assigns error on the following excerpt from the charge: "If you believe that the defendant was negligent in any one or all of the particulars charged by the plaintiff, I charge you the plaintiff would have a right to recover unless barred of the right of recovery by her own conduct." While failure to blow the whistle within a municipality may in certain circumstances constitute negligence as a matter of fact if it is the only way in which an adequate warning may be given (see *Pollard* v. *Savage,* 55 *Ga. App.* 470, 190 S. E. 423, and *Cruise* v. *City of Rome,* 94 *Ga. App.* 373, 94 S. E. 2d 617), nevertheless there is no statutory duty to blow such whistle for crossings within the corporate limits, and "the plaintiff is not entitled to recover on the alleged acts of negligence relative to the failure of the engineer to blow the whistle of the locomotive as required by the Code, § 94-506 as the train approached the crossing, which was within the limits of an incorporated city." *Luke* v. *Powell,* 63 *Ga. App.* 795, 801 (12 S. E. 2d 196). The undisputed evidence was that the whistle was not blown for this crossing in the manner required by this Code section. The court, by erroneously overruling the special demurrers to these allegations of negligence and thereafter erroneously charging so as to authorize recovery by the plaintiff if the whistle had not been blown, although no other allegation of negligence in the petition might have been proved to the satisfaction of the jury, committed reversible error.

While the court did elsewhere charge that "within the corporate limits of cities, towns and villages the said railroad company shall not be required either to erect the blowpost hereinabove provided for or to blow the whistle of its locomotives in approaching the crossing or public roads in said corporate limits" this amounted only to a contradiction in the charge by which the jury might still have remained confused, and, accordingly, it cannot be said that the error was harmless.

■ Paragraphs 18 and 23 (j) of the petition allege in part that the defendants failed to control the speed of the train so as to bring it to a stop in time to avoid the collision in violation of Code § 94-506, and the special demurrer directed to this paragraph points out that the failure to control the speed of the train so as to bring it to a stop as alleged does not constitute a violation of Code § 94-506. In *A. C. L. R. Co.* v. *Bradshaw*, 34 *Ga. App.* 360 (1) (129 S. E. 304) it is held that this Code section imposes no absolute duty upon an engineer to have the engine under such control that he can bring it to a stop, but only that he shall "exercise due care . . . to avoid doing injury to any person or property which may be on such crossing," and that it is for the jury to decide what amount of care under the circumstances is a compliance with the Code section. In so far as this paragraph charges negligence per se, the overruling of the special demurrer was error. In so far as the paragraph charges negligence as a matter of fact, the part of the demurrer attacking it on this ground was properly overruled.

■ ■ Code § 94-902 provides that no railway company shall allow any person in charge of one of its locomotives as a locomotive engineer who does not have the experience record therein set out. Paragraphs 15 and 23 (e) charge as negligence that the engineer in charge of the locomotive was not qualified in violation of this Code section. In view of other allegations in the petition of negligence on the part of the engineer in failing to keep a lookout ahead it cannot be said as a matter of law that his lack of proper qualifications did not enter into the question of proximate cause, and the special demurrers to these allegations were properly overruled.

■ The remaining grounds of special demurrer are either abandoned or are without merit. The petition, which alleges that

there was a high weed-covered embankment obstructing the plaintiff's vision, and other facts which, if proved, would show that the injuries were caused by the negligence of the defendant, does not affirmatively show that the plaintiff was so lacking in ordinary care for her own safety as to bar her recovery, for which reason the general demurrer to the petition based on this ground was properly overruled.

■ "The function of the motion for judgment non obstante veredicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case." *McClelland* v. *Carmichael Tile Co.*, ante. The evidence upon the trial of this case does not present such a situation. There was evidence which would have authorized the jury to find the railroad guilty of at least some of the acts of negligence specified against it. There were disputes as to the relative speeds of the truck and the train, disputes as to whether the plaintiff's truck had already passed the automatic light and bell signal before it began operation, and other conflicts in the evidence from which it must be said that a verdict was not demanded for either side. Accordingly, the trial court did not err in denying the motion for judgment notwithstanding the verdict.

■ Special ground 6 of the amended motion for new trial assigns error on the failure of the court to charge at any time that the plaintiff could not recover unless the negligence of the defendant, if it existed, was a proximate cause of the injuries received. "It is error, even without a request, in a suit for damages predicated on alleged negligence of the defendant, for the court to fail to instruct the jury the correct rule on the question of proximate cause." *Benton Rapid Express* v. *Sammons*, 63 *Ga. App.* 23, 34 (10 S. E. 2d 290). See also *Alabama Mid. Ry. Co.* v. *Guilford*, 114 *Ga.* 627 (4) (40 S. E. 794) ; *Young* v. *Cedartown Block &c. Co.*, 89 *Ga. App.* 509 (3) (79 S. E. 2d 828). There were in the petition in the present case 11 separate allegations of negligence, and the court nowhere in his charge, except in relation to the 9th allegation of negligence which charged a violation of Code § 94-506, instructed the jury that the negligence of the defendant, if it existed, must proximately contribute to or cause

the injuries received. On the other hand, he charged: "If you believe that the defendant was negligent in any one or all of the particulars charged by the plaintiff, I charge you the plaintiff would have a right to recover unless barred of the right of recovery by her own conduct." The jury was thus authorized to find the defendant liable, as to 10 of the acts of negligence alleged against it, if the jury found the defendant to have been negligent regardless of whether such negligence proximately contributed to the injuries received, and the charge was reversible error. No contrary ruling is authorized under *A. C. L. R. Co. v. Moore,* 8 *Ga. App.* 185, 195 (68 S. E. 875) cited by the defendant in error, wherein the court charged that the plaintiff might recover if the defendant failed to exercise ordinary care and "that such failure was negligence *and was the cause of the injury received."*

■ Special ground 4 of the amended motion for new trial assigns error on the following portion of the charge: "The law also makes you the exclusive judges of the credibility of the witnesses in the case. In passing on this question, you have a right to take into consideration their manner and deportment on the witness stand as they were examined in your presence, the opportunities they had for knowing the facts about which they testified, the probability or improbability of the facts to which they did testify, the interest they had in the case or the absence of such interest and the reasonableness of their evidence in your opinion. The jury may take into consideration the personal credibility of the witnesses so far as that may legitimately appear to you from the trial of this case. The jury has a right to take into consideration the number of witnesses, but the greater number does not necessarily mean the preponderance of the evidence. That is a question for the jury to decide for themselves." The objection is that the court, having undertaken to charge on preponderance of evidence as set forth under Code § 38-107, failed to charge completely in this regard and failed to instruct the jury that in determining where the preponderance of evidence lies the jury may consider all the facts and circumstances of the case. An almost identical charge was held to be error as against this objection in *Southern Ry. Co. v. Florence,* 81 *Ga. App.* 1 (4) (57 S. E. 2d 856). In *Martin v. Waltman,* 82 *Ga. App.* 375 (3) (61 S. E. 2d 214), where a charge in almost identical language was also given,

this court held the charge was not error, since the trial court was charging, not on rules for determining preponderance of evidence, but on rules for determining credibility of witnesses, the latter being "a matter to be determined by the jury under proper instructions from the court" under Code § 38-1805. A word-by-word analysis of the charge in the two cases shows the line of demarcation to be so fine that, while it exists in point of logic, it is not likely to exist in the minds of a jury receiving the instructions. As this case is being reversed on other grounds, it is not necessary here to decide whether the charge as given constituted reversible error. However, as stated in the *Florence* case, supra (p. 8): "It has been repeatedly held by this court and by the Supreme Court that while it is not error to fail to charge on the preponderance of the evidence, if the court undertakes to do so it must charge fully with respect thereto, and failure to do so is error." The charge here, if considered as a charge on the preponderance of evidence, does not meet these requirements.

■ The remaining special grounds of the motion for new trial either show no error or are such as are not likely to recur. The general grounds are not passed upon as the case is to be tried again. While all the errors discussed in this opinion are not so harmful as to require reversal, certain others are harmful, and it is necessary for this reason that the case be tried again.

The trial court erred in overruling certain grounds of demurrer, and in denying the motion for a new trial as amended for the reasons herein stated.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*