*H. A. Wilkinson,* for plaintiff in error.   *M. C. Edwards,* contra.

---

KING *v.* KING.

RUSSELL, C. J.  A husband executed to his wife a deed which stated the consideration to be "the natural love and affection which he has and bears towards his said wife," and purported to convey described realty and personalty in fee simple, "subject to all outstanding liens, mortgages, or other obligations arising therein, or payment thereof as is secured thereby." *Held:*

1. The deed was prima facie valid and binding as between the parties.

2. The deed could not be canceled except upon the ground that its execution was induced by fraud, accident, or mistake. Allegations that "in consequence of the earnest begging and solicitation, and even nagging (sometimes threatening in a manner), on the part of the defendant, as hereinafter shown; and upon the distinct covenant, promise, contract, and agreement that the doing of same would be the means of providing a source of profit and income to petitioner and his said wife, the defendant, and their said child, and that both he and defendant would at all times manage and control said property and get the benefit of same, he was pursuaded and induced to convey the said property to his said wife, the defendant hereto, for consideration of love and affection which he had for his said wife, which consideration has since wholly failed, and the consideration of said deed was a sham and a fraud perpetrated upon him by the defendant, with the object, aided by others, as petitioner charges and believes, to ruin him and rob him of his property," are insufficient to show fraud, accident, or mistake.

3. Under the rulings in headnotes 1 and 2, the original petition did not set forth a cause of action; and the allegations of the proposed amendment, when taken in connection with the allegations of the original petition, were insufficient to allege a cause of action for cancellation.

4. Applying the foregoing principles, the judge did not err in disallowing the amendment and in dismissing the petition on general demurrer.·

*Judgment affirmed. All the Justices concur.*

No. 4587. SEPTEMBER 16, 1925.

Equitable petition. Before Judge Highsmith. Glynn superior court. September 13, 1924.

The plaintiff filed a petition in which he sought to have canceled as a cloud upon his title a deed to his wife, based upon the consideration of love and affection, it being provided in the deed that "the right, title, interest, and estate of the first party in and to said real estate and personal property is hereby conveyed, subject to all outstanding liens, mortgages, or other obligations arising therein, or payment thereof as is secured thereby." This petition was predicated upon the ground that the deed was executed "in consequence of the earnest begging and solicitation, and even nagging (sometimes threatening in a manner), on the part of the defendant, as hereinafter shown; and upon the distinct covenant, promise, contract, and agreement that the doing of same would be the means of providing a source of profit and income· to petitioner and his said wife, the defendant, and their said child, and that both he and defendant would at all times manage and control said property and get the benefit of same, he was persuaded and induced to convey the said property to his said wife, the defendant hereto, for consideration of love and affection which he had for his said wife, which consideration has since wholly failed, and the consideration of said deed was a sham and a fraud perpetrated upon him by the defendant, with the object, aided by others, as petitioner charges and believes, to ruin him and rob him of his property." In response to a demurrer the petitioner offered an amendment to the petition, striking the previous ground relied upon for cancellation in the original petition, and alleging that the deed sought to be canceled was made because the petitioner had an indebtedness and obligations "amounting in the aggregate to some $10000 or $12000, some of them matured and others to mature at a then early date." Whereupon he sent his wife from Sumter, South Carolina, where they were then living, to Brunswick, "to arrange for renewals and postponement of settlement dates,  .   . whereby the needed extensions and indulgence could be obtained;  .   . also to secure some sort of agreement with one Leggett

Burns, then the tenant in possession of said property." It is further alleged that in a telephone conversation with his wife she informed him that one T. J. Wright, his wife's father, would advance the money to pay his indebtedness, but he would be required to make a deed to her to all the property. "Upon hearing her statement, and considering the same as made, plaintiff 'phoned the defendant to go ahead and have the necessary papers prepared to that end, for the purpose of such security for her father, and to forward the papers when prepared and he would sign and return them to her, . . and . . petitioner received from the defendant through the mail the said deed for him to sign, and which he did sign and immediately return to her. . . Whether petitioner read the deed or not, before he signed it, he does not now remember; he thinks, however, he did. . . Plaintiff charges and says that at no time before said deed was made and delivered was it ever suggested or intimated that this plaintiff was to make a deed of gift, or a deed of bargain and sale, or a deed embodying both elements of gift and bargain and sale to the defendant. . . And plaintiff never knew that it was her [defendant's] purpose, or had become her purpose, to set up the unlawful, unconscionable, and unjust claim to his property, which she now does, until several months after the making and delivery of the deed, when the defendant informed the plaintiff, to his great surprise, that the property described in the deed was her property, was no longer his property, that he conveyed it to her, and it was hers absolutely. . . The said deed, Exhibit B, is a cloud upon petitioner's title; and for relief to him he seeks the aid of this high court of chancery, where matters of this character are cognizable and relievable, and where only full and complete relief can be granted in such matters." The court refused to allow the amendment, and sustained the general demurrer filed by the defendant, and dismissed the petition. Exception was taken to these rulings.

*Courtland Symmes* and *Krauss & Strong,* for plaintiff.

*R. D. Meader* and *J. T. Colson,* for defendant.