## 28877. SMITH *v.* THE STATE.

DECIDED JUNE 4, 1941.

*Reuben A. Garland,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. Raymond Smith was tried in Fulton criminal court on an indictment containing two counts. Count 1 charged that on November 22, 1939, without provocation, he used "to and of S. C. Tuck and in his presence the following abusive language and opprobious words, tending to cause a breach of the peace: 'You son of a bitch, God damn you, I'll wreck the place, you bastard.'" Count 2 charged that on November 22, 1939, without provocation, he used "the following obscene, vulgar, and profane language in the presence of Miss Ruth Brewer and Miss Ada Smith, females: 'You son of a bitch, God damn you, I'll wreck the place, you bastard.'" The defendant was found guilty on both counts.

His certiorari was overruled and that judgment was assigned as error.

The testimony of the witnesses for the State, as set forth in the petition for certiorari, was not approved as correct by the trial judge in his answer. On the contrary, he attached as an exhibit to his answer the stenographic report of such testimony, which he certified was correct. Under that testimony and the other evidence in the case the verdict was amply authorized. A special assignment of error complains of the action of the court in giving an oral charge to the jury, when he had been requested in writing by defendant's counsel to write out the charge and read it to the jury. The Code § 81-1102, provides that the judge shall write out his charge and read it to the jury when the counsel for either party requests it *before argument begins*, and that it shall be error to give any other or additional charge than that so written and read. The judge certifies in his answer that the defendant's counsel handed him the request for a written charge "during the argument of counsel for the defendant." It appearing that the request was not given to the judge before the beginning of the argument, the assignment of error is without merit. The record further shows that after the giving of the oral charge (the judge having overlooked the request for a written charge), he prepared a written charge and read it to the jury. The written charge was substantially identical with the oral charge, and it does not appear that the jury were confused or misled by the giving of the two charges, or that the defendant's cause was prejudiced thereby. Error is assigned on the refusal of the court to give certain written requests to charge. It is well settled that the refusal to charge written requests is not error where the requests are not sound and accurate as propositions of law, or where they are not applicable to the facts of the case, or where they *are substantially covered by the charge given*. A careful consideration of the numerous requests to charge, when they are viewed in the light of the facts of the case and the law pertaining thereto, and the full and fair charge given by the judge, fails to show any harmful error in the refusal to give them. The remaining assignments of error show no cause for a new trial. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*