30364. PARKER *v.* FORD.

DECIDED FEBRUARY 19, 1944. REHEARING DENIED MARCH 2, 1944.

*Roberts & Roberts,* for plaintiff in error.
*Martin A. Allison, A. M. Kelly,* contra.

FELTON, J. This is an action for damages for personal injuries and damages to an automobile. Error is assigned by the plaintiff in error, the defendant below, against whom the jury found a verdict, on the following charge: "In this connection, the court instructs you one of the items of damages alleged is the reasonable value of the lost earnings due to such injury prior to the date of the trial. Impairment of ability to work and labor is an element of pain and suffering for which damages may be recovered by one who is physically injured by the negligence of another. It is the fact of impairment or loss of ability to work, with or without compensation, that is to be considered by the jury in determining the amount to be allowed for pain and suffering, and no evidence as to earnings is necessary in such calculation, the only standard of measurement being the enlightened conscience of impartial jurors. If the jury should find that the plaintiff has suffered injury to her person which will incapacitate her, or reduce her earning capacity for a time extending into the future, the jury would determine the extent of the diminution of capacity to earn, for how long a time

the loss or diminution will continue, and the reasonable value of such lost earnings. Having done that, the jury would reduce that loss to its present value, using as a basis of reduction, seven per cent. per annum as the legal value of money in Georgia."

The portion of the charge quoted is error, not for the reason that it states incorrect principles of law, but for the reason that it injects into the case issues which were raised neither by the pleadings nor the evidence. There was no item of damages alleged as to the reasonable value of the lost earnings due to injury before the date of the trial, as stated to the jury. Nor was any recovery sought for reduced earnings for a time extending into the future. Where these issues were not raised by the pleadings or the evidence, it was obviously error so to charge in connection with the charge as to loss of ability to work and labor as an element of pain and suffering.

 Since the case is reversed on the foregoing ground, it is not necessary to pass on the general grounds of the motion, nor on the other ground that a verdict was demanded for the defendant.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*