CLARK *v.* GRIFFON.

No. 17185.  SEPTEMBER 11, 1950.

258

*M. L. Kahn,* for plaintiff in error.

*J. V. Poole,* contra.

ALMAND, Justice. ■ We construe the petition as amended as being an action seeking to have equity declare that the defendant holds title to the property in question in trust for the benefit of the plaintiff, under the provisions of Code §§ 108-106 (1), 108-107. The petition does not set forth any allegations of fraud on the part of the defendant, nor charge that the plaintiff was induced to execute the deed upon any fraudulent misrepresentations of fact by the defendant, nor that the defendant made any promise to induce the execution of the deed, which he had no intention to keep; and therefore the petition does not attempt to charge the defendant as a trustee ex maleficio under Code § 108-106 (2). See also *King* v. *King,* 161 *Ga.* 19 (2) (129 S. E. 649); *Mays* v. *Perry,* 196 *Ga.* 729 (27 S. E. 2d, 698).

In substance, the petition alleges that the plaintiff made the deed to the defendant without any consideration, on his request and agreement that he, the defendant, would hold the property

for the benefit of the plaintiff and convey it back at her request; that the plaintiff has remained in possession of the property since making the deed; and that the defendant has broken his agreement by refusing her request to convey the property back to her. The petition as amended was not subject to the general demurrers interposed. *Swift* v. *Nevius*, 138 *Ga.* 229 (75 S. E. 8); *McDonald* v. *Dabney*, 161 *Ga.* 711 (10) (132 S. E. 547); *Guffin* v. *Kelly*, 191 *Ga.* 880 (1) (14 S. E. 2d, 50); *Hudson* v. *Evans*, 198 *Ga.* 775 (2) (32 S. E. 2d, 793).

■ Special ground 1 of the motion for a new trial complains that the court erred in permitting a witness for the plaintiff to testify that she heard the defendant request the plaintiff to deed the property in question to him for the purpose of giving him a background of credit, and that after establishing his credit he would deed the property back to the plaintiff. This evidence was objected to upon the ground that it was an attempt to vary and contradict the terms of the deed conveying the property to the defendant, and also an effort to assert an express trust by parol evidence.

We have construed the petition as one seeking to set up a resulting trust. Accordingly, parol evidence is admissible for the purpose of implying a trust, or to show the nature of the transaction and the circumstances or conduct of the parties. Code, § 108-108. Evidence of a verbal agreement between the parties at the time the plaintiff executed the deed was admissible, not as fixing the interests to be owned by the parties, but as rebutting the inference of a gift by the plaintiff. *Stevens* v. *Stevens*, 204 *Ga.* 340 (2) (49 S. E. 2d, 895).

■ The court charged the jury as follows: "Now I charge you, gentlemen, that wilful misrepresentation of a material fact made to induce another to act and upon which he does act to his injury, will give a right of action in the injured party. In order for the plaintiff to prevail in a case like this, it is necessary first that a representation should have been made as set up in the plaintiff's petition. Now the defendant contends that he never made any such representation, and that is the first question for you to determine in this case, whether or not any such representation as contended for by the defendant to the plaintiff; and if it was made, was it a false representation. It has

to be material, and the person who made it must know that it was false or was ignorant of the truth. It must have been done with the intent that the plaintiff should act upon this representation, and she was ignorant as to its falsity, that she relied on its truthfulness, and that she has a right to rely on it, and that she was consequently injured by reason of the false statement which the defendant knew was false and which she did not know was false and which she relied upon as the reason for her action."

Special ground 2 asserts that this charge was erroneous and injurious, because the question of fraud and deceit was not made an issue either by the pleadings or the evidence, nor in any manner involved in the case.

We think this exception is well taken. "Instructions inapplicable to the pleadings and the evidence should not be given to the jury; and where such instructions submit to the jury an issue and a theory not supported by the pleadings and the evidence, a new trial will be granted." *Hand* v. *Matthews*, 153 *Ga.* 75 (3) (111 S. E. 408). "It is erroneous for a trial judge to charge the jury upon issues not made by the pleadings or evidence in the case on trial; and where this is done, when the evidence is conflicting on the issues really involved, in a way which may mislead the jury, it is cause for a new trial." *Southern Railway Co.* v. *Gresham*, 114 *Ga.* 183 (2) (39 S. E. 883). See also *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (7) (54 S. E. 110); *Goldberg* v. *Provident Washington Insurance Co.*, 144 *Ga.* 783 (3) (87 S. E. 1077).

We have ruled in the first division of this opinion that the petition as amended sought to impose a resulting trust, under the provisions of Code § 108-106 (1), on the property to which the defendant held legal title, and not under subdivision (2) of that section. The petition does not charge the defendant with having made any fraudulent misrepresentations of fact, either past, present, or future, or that his statements that he wanted the title to the property to establish credit for himself, and that he would hold the property for the plaintiff's benefit and convey the title back to her at her request, were deceitfully or fraudulently made with a present intention of not carrying out his agreements. Nor is there any evidence, direct or circumstantial, that warrants the conclusion that the defendant's conduct was

fraudulent. All that the evidence shows, in so far as fraud is concerned, is that the plaintiff conveyed the property to the defendant by reason of an oral promise, which, after obtaining title but not possession, he failed to keep. "A complainant who seeks relief based on the doctrine of trusts ex maleficio must allege more than the breach of a verbal promise. There must be an unequivocal allegation of positive fraud accompanying the promise, by means of which the acquisition of the legal title was consummated. General allegations as to an entire course of fraudulent conduct are not sufficient, in the absence of a specific averment that the promise was made to be broken." *Mays* v. *Perry*, 196 *Ga.* 729 (supra).

Neither the pleadings nor the evidence made fraud an issue in the case. The evidence on the material issues being sharply in conflict, it was harmful error for the court in its charge to submit to the jury the question of fraud, and such error requires the grant of a new trial.

In view of the foregoing ruling, it becomes unnecessary to pass upon the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., who concurs in the judgment of reversal, but dissents from the ruling in division one of the opinion.*