### 18423. COCHRAN *v.* KENDALL.

DUCKWORTH, Chief Justice. 1. The special grounds of the amended motion for new trial assign error on excerpts from the charge of the court to the jury that, if the jury found that the plaintiff relied on the representations of the defendant as being true due to a confidential or fiduciary relationship between the parties, and if they found such a relationship to exist and also that the plaintiff was ignorant of the fact that the alleged reservation should have been inserted in the deed, then this would constitute fraud on the part of the defendant, and they would be authorized to reform the deed and contract in favor of the plaintiff, and that equity will reform an instrument when there was ignorance or mistake on one side and fraud or inequitable conduct on the other. These excerpts, although correct statements of law, were not warranted or authorized by the pleadings or the evidence, since the pleadings were that the mistake was an honest one upon the part of both parties, and there were no allegations of fraud or of a confidential relationship existing between the parties, and the evidence was insufficient to prove a confidential relationship or fraud, the only testimony relating thereto being that the plaintiff and defendant are cousins, that the defendant had been a tenant of the plaintiff and they had other dealings with each other, and that the plaintiff knew he was a man of his word and had confidence in him, the evidence also disclosing that her husband was present when she consummated the contract and the execution of the deed. All this evidence shows merely that the parties were dealing "at arms length" with each other. The charge was therefore confusing and misleading to the jury, in that they could believe there was evidence sufficient to show that a confidential relationship existed between the parties and that the defendant was guilty of fraud which would authorize the jury to reform the contract, and the court erred in thus charging the jury. See Code § 37-707; *Crawford* v. *Crawford*, 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (NS) 353, 19 Ann. Cas. 932); *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (1) (89 S. E. 1080); *Hand* v. *Matthews*, 153 *Ga.* 75 (3) (111 S. E. 408); *Dover* v. *Burns*, 186 *Ga.* 19, 26 (196 S.

E. 785); *Johnson* v. *Sherrer*, 197 *Ga.* 392, 395 (29 S. E. 2d 581); *Clark* v. *Griffon*, 207 *Ga.* 255, 260 (61 S. E. 2d 128). Compare *Sims* v. *Ferrill*, 45 *Ga.* 585 (5); *Jones* v. *Hogans*, 197 *Ga.* 404, 413 (7) (29 S. E. 2d 568); *Larkins* v. *Boyd*, 205 *Ga.* 69, 72 (52 S. E. 2d 307).

2. Since the ruling above requires a judgment of reversal, and the evidence on a new trial may not necessarily be the same, no ruling will here be made on the general grounds.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 11, 1954—DECIDED FEBRUARY 9, 1954.

*William Butt, Herman J. Spence, Osbon L. Foster, Watkins Edwards,* for plaintiff in error.

*D. Wright Mitchell, Douglas W. Mitchell, Jr., Erwin Mitchell,* contra.

This is an equitable petition for the reformation of a deed to land, the allegations being: that the petitioner did not intend to convey the merchantable pine timber on said land nor did the defendant intend to purchase said timber; that the agreement was that the timber was to be reserved from the sale; that the defendant is a cousin of the petitioner and she had confidence in him and trusted him; that he had informed her that it was not necessary for any reservation of this timber to be made; and that if such reservation were made it would mean she would own the timber on the realty for all time to come; that she relied on this statement as to the legal effect of placing such a reservation in the deed, and it was not made a part of the deed; that she later sold this timber, but, by amendment, she struck this allegation and alleged that the timber had been sold before she executed the above deed; and that said mistake upon the part of both parties was an honest mistake and since it will operate injuriously to her a court of equity should reform the deed to speak the true intentions of the parties.

The defendant in his answer denied, in the main, all allegations, and on the trial of the issues a verdict was returned in favor of the plaintiff.

In due time a motion for new trial, as amended, was filed, heard, and overruled, and the exception here is to this judgment.