37639. CLARKE COUNTY SCHOOL DISTRICT
*v.* MADDEN *et al.*

DECIDED MAY 19, 1959—REHEARING DENIED JUNE 8, 1959.

*Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*C. O. Baker, James Hudson,* contra.

CARLISLE, Judge. ■ A general demurrer denies the right of the plaintiff to the relief sought while admitting all properly pleaded allegations in the petition to be true. Code § 81-304. While a petition on general demurrer must be construed most strongly against the pleader, yet the test as to whether a petition can withstand a general demurrer is, can the defendant admit all of the properly pleaded allegations therein and still escape liability. *Harvey* v. *Zell,* 87 *Ga. App.* 280, 284 (73 S. E. 2d 605). "A cause of action is made up of two elements; namely, a duty and a breach of it" (*Bell* v. *Fitz,* 84 *Ga. App.* 220, 223, 66 S. E. 2d 108); and, "Where a petition sets out a cause of action under any legal theory it is good as against general demurrer." *Hall* v. *John Hancock Mutual Life Ins. Co.,* 50 *Ga. App.* 625 (2) (179 S. E. 183); *Yopp* v. *Johnson,* 51 *Ga. App.* 925 (2) (181 S. E. 596). As against a general demurrer, general allegations are sufficient. *Morgan* v. *Limbaugh,* 75 *Ga. App.* 663 (44 S. E. 2d 394).

In the instant case, the defendant Clarke County School District was created by the act approved March 7, 1955 (Ga. L. 1955, p. 3057 et seq.), and by that act its powers and rights and liabilities were defined. By Section 10 it was given the right to sue and be sued, and to acquire property by eminent domain together with all the remedies necessary to execute such powers provided under any of the existing laws of the State. (Ga. L. 1955, p. 3066). Insofar as the allegations of the plaintiffs' petition are drawn in question by the general demurrer, they show an existing property right which has been damaged by the acts of the defendant, and these allegations bring the case within the purview of the following broad general propositions of law: "For every right there shall be a remedy, and every court having jurisdiction of the one may if necessary frame the other" (Code § 3-105); "and for every injury done

by another to person or property, the law gives a right to recover, and a remedy to enforce it. Such a right is a chose in action, and such a remedy is an action or suit at law" (Code § 85-1802); "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Constitution of the State of Georgia, art. I, sec. 3, par. 1 (Code, Ann., § 2-301).

We thus have in the instant case a constitutional right and alleged violation thereof by a political subdivision of the State declared by statute to be subject to suit, the plaintiffs suing in a court of competent jurisdiction (Code § 24-2615 (1)), and provisions for an appropriate remedy, namely, the payment of compensation for the damage done. The nature of the action here is to be determined by the intrinsic contents of the petition, the recitals of fact therein, the nature of the wrong sought to be remedied, and the kind of relief sought. *Price* v. *Fidelity Trust Co.,* 74 *Ga. App.* 836 (1) (41 S. E. 2d 614). Properly construed, the petition in this case seeks only the recovery of compensation for property damaged by a political subdivision of the State in consequence of improvements made to its property by reason of which the plaintiffs allege they suffered damages in violation of the constitutional provision above quoted. It is not a suit in tort or for damages flowing merely from an improper or defective or negligent construction or maintenance of a public improvement. Neither is the petition subject to the construction that it is for damages resulting from an abateable continuing nuisance.

But, it is contended by the plaintiffs in error that, if this be a suit to recover compensation for property damaged as a result of the construction of the public improvement, the wrong measure of damages is alleged. However, this is a matter which may be reached only by special demurrer, and no special demurrer was filed in this case pointing out this defect. *Sikes* v. *Foster,* 74 *Ga. App.* 350, 355 (39 S. E. 2d 585). "The general rule is that where property is damaged for public purposes the measure of damages is the difference between the market value before and after the damage. No measure is fixed by the legislature, and the courts have laid down the general rule for the

reason that that measure is generally the fairest and most direct way of ascertaining the damage and compensating the injured party. There are exceptions to the rule, however, and where the above measure will not compensate for the loss, or where there is a more accurate and direct method of fixing the amount of the loss, the courts will follow the method affording adequate compensation or the more accurate and direct method." *Burke County* v. *Renfroe*, 64 *Ga. App.* 395, 396 (13 S. E. 2d 194). As we construe the petition in this case, it is not contended therein that there was a permanent diminution in the value of the plaintiffs' property as the result of this improvement, or that the condition created by the acts of the defendant which resulted in the damage will continue to result in damage to the plaintiffs' properties. Under the allegations, the measure of damages alleged is more direct and more accurate than would be under the method of ascertaining their amount by estimating the diminution in the value of the plaintiffs' properties. Under the circumstances alleged the measure of damage was entirely proper. See also *Housing Authority of Savannah* v. *Savannah Iron &c. Works*, 91 *Ga. App.* 881 (4) (87 S. E. 2d 671).

As we have said in holding that the petition in this case sets forth a cause of action, we are not to be understood as sustaining it for the purpose of treating the work or its results as a nuisance to plaintiffs' premises, but only for the purpose of recovering damages resulting from the defendant's exercise of its power of eminent domain. "The work done is to be treated as rightful in all respects save in the omission to pay compensation." *Smith* v. *Floyd County*, 85 *Ga.* 420, 425 (11 S. E. 850).

Nothing in *Howard* v. *County of Bibb*, 127 *Ga.* 291 (56 S. E. 418), or in *Floyd County* v. *Fincher*, 169 *Ga.* 460 (150 S. E. 577), requires a ruling different from that here made. In the *Howard* case, the plaintiff did not seek to recover damages for injuries to his land, or for injuries to any right of use or enjoyment of the land, nor was it alleged that the land was less valuable then, that is, after the injury, than formerly. The damages sought to be recovered there were for the value of a milch cow which allegedly died as a result of the condition

created by the county and for the value of a large quantity of dairy products which were rendered unfit for market. In the *Floyd County* case the damages sought were based upon allegations of a nuisance and the petition there was so construed by counsel for the plaintiff. Neither of the rulings in these cases is applicable to the facts pleaded in this case.

Neither is any question raised by the demurrers as to duplicity in the petition after amendment or as to whether the petition as amended attempted to set up a new cause of action different from that originally set forth in the petition. These are matters for special demurrer, and no special demurrers specifically raising these questions were filed in this case. *Simpson* v. *Jacobs Pharmacy Co.,* 76 *Ga. App.* 232 (2) (45 S. E. 2d 678); *Aycock* v. *Williams,* 185 *Ga.* 585 (1) (196 S. E. 54).

Counsel for the plaintiff in error do not insist, in their argument before this court, on the one ground of special demurrer which they did file in the trial court, and we accordingly treat the same as having been abandoned.

■ In the first special ground of the motion for a new trial, it is contended that the court erred in admitting in evidence, over objection of the defendant, two drawings made by the plaintiff Dieball, one representing, as contended by him, the east-west profiles of the defendant's property before and after the grading was done, and the other representing and showing the before and after grading north-south profiles of the property and showing their relationship to the street on which the plaintiffs' property was situated and the plaintiffs' houses. The plaintiff Dieball admitted in his testimony that he drew the diagrams from memory and without the aid of a topographical survey of the defendant's property, but he contended that he was familiar with the property, that he had walked over it both before and after the grading was done, and that they reasonably represented the profiles of the property both before and after the grading. It is contended in this ground of the motion for a new trial that, in view of the plaintiff Dieball's testimony that these drawings were not drawn to any scale, were not based on any measurements and were simply a guess as to what the terrain was before and after the grading, and

were merely conclusions without any facts to support them, they were not, therefore, entitled to any probative value and should not have been permitted to be considered by the jury. It is further contended that the admission of these drawings in evidence was erroneous, prejudicial and harmful to the defendant for the reason that, in view of the other evidence introduced in the case, to wit: the contour maps and the testimony of surveyors who had accurately measured the elevation and contours, these drawings were grossly exaggerated and were inaccurate and showed a distorted picture of the change which had been made in the lands of the defendant, and that the admission of this evidence was material and harmful to the rights of the defendant. While we are aware of the rule that maps and other drawings or diagrams are not admissible in evidence without proof of their accuracy or correctness by the person making them (*Maples* v. *Hoggard,* 58 *Ga.* 315; *Mickle* v. *Moore,* 188 *Ga.* 444 (3), 4 S. E. 2d 217; *Langran* v. *Hodges,* 60 *Ga. App.* 567 (6), 4 S. E. 2d 489), the rule as to the admissibility of such drawings is otherwise where a witness testifies as to the correctness of the drawing, and it is not essential that the witness testifying to the correctness of the drawing, or plat, be the one who made it. *Wooten* v. *Solomon,* 139 *Ga.* 433 (2) (77 S. E. 375); *Bunger* v. *Grimm,* 142 *Ga.* 448 (5) (83 S. E. 200, Ann. Cas. 1916C 173); *Reynolds* v. *Snellgrove,* 158 *Ga.* 683 (1) (124 S. E. 136). We are not aware, however, from any authority called to our attention, of the existence of any rule of law which requires that a drawing, map, or diagram introduced in evidence must be shown to have been made from particular measurements taken of the thing purported to be shown, nor are we aware of any rule of law which requires that maps or plats be shown to have been made by professional surveyors or engineers. The only requirement is that a witness testify as to the correctness of the map or plat or drawing as representing the thing purporting to be shown. "Accuracy" and "correctness" insofar as these terms relate to the quality of a drawing, map, or diagram are purely relative terms, and even a map or plat prepared by a trained engineer may be subject to question as to its accuracy or correctness, as witness the

many cases involving disputes over landlines that come to this court where two or more apparently trained and qualified engineers disagree as to their location. For these reasons, the diagrams admitted in evidence as complained of in special ground 1 were not inadmissible for any of the reasons contended by the defendant since the witness who prepared them testified that they represented an accurate picture of how he contended the defendant's property had been changed. If they were in fact inaccurate and were shown by other credible evidence to be so, this merely went to their weight and probative value, which was a matter for the jury's consideration. Under all of the circumstances in this case, the admission of these drawings in evidence did not constitute harmful or reversible error. See *Parker* v. *Smith*, 66 *Ga. App.* 567, 570 (18 S. E. 2d 559).

■ Special ground 2 complains of the following portion of the charge: "I charge you that where the owner of a higher lot constructs and maintains culverts or embankments to control the flow of surface waters over his lot, he is under a duty to the lower lot owner to construct and maintain such culverts and embankments so that the accumulation of waters will not cause breaks in the embankments and flood the lower lot."

Special ground 3 complains of the following additional portion of the charge: "I charge you further that the owner of land through which nonnavigable water courses flow is entitled to have the water in such streams come to his land in its natural and usual flow, subject only to such detention or diminution, if there be such, as may be caused by a reasonable use of it by other riparian owners; and the diverting of the stream, wholly or in part, from the same, or the obstruction thereof so as to impede its course or cause it to overflow or injure his land, or any right appurtenant thereto, or the pollution thereof so as to lessen its value to him, shall be a trespass upon his property.

"A fixed course over which surface water from adjoining land is uniformly discharged at a definite point is a watercourse within the rule prohibiting one from filling up the watercourse

so as to impede the flow from the adjoining land, or to increase the flow.

"A stream may be wholly dry at times without losing its character of a watercourse."

The gist of the assignments of error contained in these grounds of the motion is that the portions of the charge complained of were inapplicable to any issue in the case, and for this reason were confusing and misleading to the jury. These assignments of error are meritorious. "A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant, and is error requiring the grant of a new trial. *Citizens Bank of Roswell* v. *Reese,* 145 *Ga.* 110 (2) (88 S. E. 570); *Clark* v. *Griffon,* 207 *Ga.* 255 (3) (61 S. E. 2d 128); *Morris* v. *Stanford,* 53 *Ga. App.* 722 (1) (187 S. E. 159); *Ingram & LeGrand Lumber Co.* v. *McAllister,* 62 *Ga. App.* 50 (7 S. E. 2d 784); *Ergle* v. *Davidson,* 69 *Ga. App.* 102 (24 S. E. 2d 810); *Parker* v. *Ford,* 70 *Ga. App.* 714 (1) (29 S. E. 2d 184); *Atlantic Co.* v. *Taylor,* 82 *Ga. App.* 361 (5) (61 S. E. 2d 204). This is particularly true where the evidence on the issues really involved is conflicting. *Clark* v. *Griffon,* supra." *Atlantic Coast Line R. Co.* v. *Strickland,* 87 *Ga. App.* 596, 615 (74 S. E. 2d 897). As was said in *Jessup* v. *Humphreys,* 46 *Ga. App.* 68, 69 (166 S. E. 681), "It is enough for a jury to be called upon to apply the appropriate law to the facts of a case; and where, in a case like this, the court charges two rather lengthy and difficult Code sections, neither of which is applicable to the issues in the case, we can not escape the conclusion that his charge was confusing to the jury and probably harmful to the defendants." The evidence in the instant case was in sharp conflict as to whether the defendant had merely leveled its land and thereby retained the original dividing line with respect to the run-off of water therefrom or, as contended by the plaintiffs, had so changed the contour as to incorporate into the drainage area which drained onto the plaintiffs' land a much larger portion of their property. There is no contention made by the plaintiffs either in their pleadings or in their evidence that the defendant had constructed

or maintained any culverts or embankments *to control the flow of surface waters* or that it did so construct or maintain the embankments that an accumulation of water caused breaks in them, nor was there any contention or evidence with respect to the diminution in flow of water through a nonnavigable watercourse, nor with respect to the diverting of a stream in whole or in part, nor with respect to the obstruction of a stream so as to impede its course or cause it to overflow, nor was there any contention or evidence as to the pollution of a stream so as to lessen its value to a lower riparian owner. In these circumstances, these portions of the charge were in fact confusing and misleading to the jury and were harmful to the defendant in that they injected into the case issues which were neither made by the pleadings nor the evidence. See *Sikes* v. *Sikes*, 153 *Ga.* 725, 733 (113 S. E. 416, 24 A.L.R. 1324); *Northern Freight Lines* v. *Turner*, 93 *Ga. App.* 309 (2) (91 S. E. 2d 372).

■ Special grounds 4 and 5 complain of the following portions of the charge: "If the injury is permanent in its nature, the measure of damage would be the diminution of the market value of the land overflowed.

"And even if the wrongful act caused an increase in such market value, the wrongdoer would nevertheless be liable for the actual damages resulting from injuries to his land, and from a diminution in the value of the premises for use. While in such case there could be no recovery for loss in market value if the same was in fact increased in value, the amount of the increase could not be set off against such actual damages so as to prevent a recovery for the actual damages. That, gentlemen, refers to the damage to the land itself."

"I charge you further that general damages, under the law, are such as the law presumes to flow from any wrongful act, which the law denominates a tort, and may be recovered without proof of any amount.

"Special damages are such as actually flow from the act and must be proved in order to be recovered.

"I further charge you, our Code provides that direct damages are such as follow immediately upon the act done. Consequential damages are such as are necessary and connected effects

of the tortious act, though to some extent depending on other circumstances."

The substance of the complaint levied against these portions of the charge in these grounds of the motion is that they submitted an improper and incorrect measure of damages appropriate only to a tort action, and that under these circumstances it was confusing and misleading to the jury and injected into the case matter relating to damages which the jury ought not to have considered.

The action in this case was to recover compensation on account of the damaging of the plaintiffs' properties as a consequence of a public improvement. In such an action, instructions to the jury embodying legal propositions relative to the measure of damages and relevant to a suit for tort, are not appropriate. *Atlanta Terra Cotta Co.* v. *Georgia Ry. &c. Co.*, 132 *Ga.* 537, 543 (64 S. E. 563); *Central Georgia Power Co.* v. *Mays*, 137 *Ga.* 120 (1) (72 S. E. 900); *Georgia Power Co.* v. *Pittman*, 92 *Ga. App* 673 (1) (89 S. E. 2d 577). It follows that these portions of the charge were erroneous and that the trial court erred in overruling special grounds 4 and 5 of the motion.

■ The final special ground of the motion for a new trial complains of the refusal of the court to charge a timely written request as follows: "I charge you that under the law creating Clarke County School District (Ga. L. 1955, p. 3057 et seq.), such Clarke County School District is made a political subdivision of the State of Georgia, and said act provides that such Clarke County School District 'is not to be liable to suit in actions arising ex delicto.' Therefore, I charge you that in this case, the only theory on which Clarke County School District might be held liable, if at all, is on the theory that such Clarke County School District has, by its use of property acquired by it for school purposes, caused a permanent damage to the market value of property of plaintiffs, whereby the market value of plaintiffs' property has been permanently impaired as a necessary incident to the use of property of Clarke County School District for such school purposes."

The trial court did not err in refusing to give the requested charge. Failure to charge the timely written request is not

error where the language of the request fails to state a wholly correct proposition of law. *Georgia Chemical Works* v. *Malcolm,* 186 *Ga.* 275 (5) (197 S. E. 763) ; *New York Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (1) (178 S. E. 389) ; *Smith* v. *State,* 65 *Ga. App.* 66, 67 (15 S. E. 2d 272) ; *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692, 699 (34 S. E. 2d 664) ; *Atlantic Coast Line R. Co.* v. *Anderson,* 75 *Ga. App.* 829, 831 (44 S. E. 2d 576). In view of the ruling made in division 1 of this opinion, the latter portion of the request to charge stated an incorrect principle of law insofar as is applicable to the facts of this case, and the trial court did not err in refusing to give the charge requested.

■ Inasmuch as the case is to be tried again and the evidence on another trial may not be the same, no ruling is now made as to whether the evidence authorized the verdict. It is sufficient to say that the evidence did not demand a verdict for the defendant, and the trial court did not err in refusing to direct a verdict for the defendant and in thereafter refusing to grant a judgment n. o. v. The four plaintiffs testified in substance that they had no drainage or water problems on their lots prior to the time the grading was done on the defendant's property, and that thereafter they were troubled each time it rained with excessive run-off and the washing of mud, silt and gravel onto their properties. Witnesses for the plaintiffs also testified to facts and circumstances as they had observed them which would authorize the jury to conclude that the defendant had as contended by the plaintiffs changed in some measure the drainage area and the direction of drainage on its property. In this respect, the evidence was in sharp conflict, but this conflict was a matter for the jury to resolve, and the trial court did not err in refusing to direct a verdict.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*