## 39088. OGLETREE v. KIRVEN.

CARLISLE, Presiding Judge. 1. As against a general demurrer mere general allegations of negligence are sufficient. *Kemp v. Central of Ga. Ry. Co.*, 122 Ga. 559, 562 (50 SE 465) ; *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695, 698 (50 SE 974) ; *Trammell v. Columbus R. Co.*, 9 Ga. App. 98 (5) (70 SE 892).

2. In an action founded on negligence all that is needed to overcome the attack of a general demurrer is an allegation of facts showing the existence of a duty owing to the plaintiff by the defendant, a violation of that duty by the defendant and injury resulting to the plaintiff proximately from that violation. *Bell v. Fitz,* 84 Ga. App. 220, 223 (66 SE2d 108); *Clarke County School District v. Madden,* 99 Ga. App. 670, 673 (1) (110 SE2d 47).

3. In the instant case the plaintiff alleges that he entered onto the automobile of the defendant at the defendant's invitation, mounting the running board thereof while the automobile was moving very slowly; that some 10 minutes after he had thus mounted the running board of the automobile and after it had traveled a short distance, the defendant indicated to the plaintiff that he should disembark therefrom, that there was not room in the automobile for him; that at that time the automobile had speeded up to a speed of approximately 15 miles an hour; that instead of slowing the automobile to allow the plaintiff to disembark therefrom and contrary to the requirements of exercising slight care and in the exercise of gross negligence, the defendant, knowing that the plaintiff had been requested and instructed to disembark, failed and refused to stop the vehicle or to slow it down, but on the contrary speeded it up, causing a jerk and jolt; that, because of the grossly reckless and careless manner of driving by the defendant, plaintiff was thrown, or caused to fall, from the vehicle onto the concrete pavement; that in the exercise of slight care on the part of the defendant he should have stopped the vehicle to allow the plaintiff to disembark therefrom, but that instead of so doing the defendant accelerated the speed of the vehicle from approximately 15 miles per hour to 25 miles per hour, and that this unnecessary and unexpected acceleration caused the plaintiff to fall. The petition further describes the injuries inflicted upon the plaintiff as the result of the fall, and prays for damages. Applying the foregoing rules of law to the petition, it alleges facts showing that the plaintiff occupied the status of a guest riding in or on the defendant's automobile, if even for so slight a period, and that the defendant, at a time when the plaintiff was about to disembark from the automobile pursuant to defendant's command, suddenly speeded the automobile up from 15 to 25 miles per

hour, causing the plaintiff to fall, or be thrown from the automobile, onto the concrete pavement of the street. The relationship of host driver and guest imposed upon the defendant the duty of exercising slight care toward the plaintiff. The petition alleges an act of negligence proximately causing the plaintiff's injuries, to wit: the sudden speeding of the automobile from 15 to 25 miles per hour, and this act is alleged to have been gross negligence. It is too well established in this State to require the citation of authority that questions of negligence and diligence, even of gross negligence and slight diligence, are solely for the determination of the jury, and that such questions should not be decided on demurrer except in plain, palpable and indisputable cases. The petition in this case is not such a plain, palpable and indisputable case, and the trial court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*

DECIDED SEPTEMBER 25, 1961.

*James H. Fort, T. Milton Jones,* for plaintiff in error.
*Swift, Pease, Davidson & Chapman,* contra.