## 22078.   PATTERSON v. PATTERSON.

Candler, Justice. A judgment dissolving the marriage between Ralph W. Patterson and Gertrude Benjamin Patterson was rendered in the Superior Court of Fulton County on April 13,

1961, on the former's petition for divorce. On August 7, 1962, Mrs. Patterson filed a three-count petition in the same court to set aside such divorce judgment, alleging in each count of her petition a different ground or grounds on which she based her prayer for the relief sought. A general demurrer interposed by the defendant Patterson to each count of her petition was sustained and the exception is to that judgment. *Held:* The brief filed in this court for the plaintiff in error (Mrs. Patterson) expressly abandons counts 2 and 3 of her petition and on oral argument of the case her counsel stated that all grounds of count 1 of her petition were abandoned except the one which alleges that the judgment for divorce which her husband obtained on April 13, 1961, should be set aside because no notice of the time his case would be heard was given her by the clerk of the court 10 days before the trial thereof as required by paragraph "b" of *Code Ann.* § 81-1003 (Ga. L. 1935, pp. 481, 482; 1946, pp. 761, 776; 1956, pp. 68, 69; 1958, pp. 315, 316; 1960, pp. 1022, 1023; 1962, pp. 462, 463). This contention is not sustainable. We judicially know that a judgment rendered in Fulton County Superior Court on April 13, 1961, is a judgment which was rendered during the regular March term of that court. Except as to default resulting from a failure to timely file defensive pleadings and proof of the plaintiff's cause of action, the same rules of pleadings and practice which are applicable to ordinary civil actions, including those laws relating to the appearance day and the trial or return term of cases, apply to actions for divorce. Ga. L. 1958, p. 315; *Code Ann.* § 30-113. On demurrer, pleadings will be construed most strongly against the pleader and in the light of their omissions as well as their averments; and, if an inference unfavorable to the party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. *Chalverus v. Wilson Mfg. Co.*, 212 Ga. 612, 613 (1) (94 SE2d 736). There is no allegation in count 1 of the plaintiff's petition that she was not legally served with a copy of her husband's divorce petition and process as required by law or that she responded in any way to his petition. There is also no allegation in count 1 of her petition that her husband's divorce case was not tried in Fulton County during the regular trial term to which it was made returnable, or that she had a defense which she desired to urge against his petition for

188

divorce. Paragraph "a" of *Code Ann.* § 81-1003 provides that: ". . . all civil cases shall be triable at the 'return' or trial term, as defined in *Code* § 81-201 . . . ", and the process which must be attached to the petition in civil actions gives the defendant notice that such case will be tried at the regular term of the court to which it is returnable. That part of paragraph "b" of *Code Ann.* § 81-1003 which provides that, "The judges of the several superior courts of this State may, on reasonable notice to the parties, at any time, either in term or vacation, and at chambers in any county in the circuit, hear and determine by interlocutory or final judgment, any matter or issue, where a jury verdict is not required or has been duly waived . . . ", does not, when construed in connection with paragraph "a" of the same section, require the clerk of the court in which a civil action will be tried during the term to which it is actually returnable to give the defendant the 10 days' notice there provided for. A different holding would mean that no civil case could be tried in any one of the several superior courts of this State during the term to which it is returnable unless the clerk of that court, in addition to the notice given by the process, had given the defendant ten days' notice of the time during such regular return or trial term when it would be heard.

Attention is called to the fact that subsequently to the rendition of the judgment in Patterson's divorce case and prior to the date of the judgment here complained of, paragraph "b" of *Code Ann.* § 81-1003 was amended by an act which the legislature passed in 1963 (Ga. L. 1963, p. 453) which expressly declares that paragraph "b" of such Code section does not apply to civil actions where no defensive pleadings are filed. The judgment here complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963—
REHEARING DENIED JULY 12, 1963.

*Howard & Storey,* for plaintiff in error.
*Rogers & Turoff, Jack Turoff,* contra.