### 41244. ROGERS v. COLUMBUS BANK & TRUST COMPANY et al.

FRANKUM, Judge. ■ A petition which alleges facts showing the existence of a duty owing to the plaintiff by the defendants, a violation of that duty by the defendants, and injury and damage proximately resulting to the plaintiff from that violation is sufficient to set forth a cause of action as against a general demurrer. *Bell v. Fitz*, 84 Ga. App. 220, 223 (66 SE2d 108) ; *Clarke County School Dist. v. Madden*, 99 Ga. App. 670, 673 (1) (110 SE2d 47).

■ The petition in this case, showing that the defendants, as owners of described premises, had rented or leased the same to another, and that the plaintiff was on the premises as an invitee of the lessee, alleges facts, which, if proved, would be sufficient to charge the defendant owners with the duty of exercising ordinary care in keeping the premises and approaches safe for the plaintiff's use. *Code* § 61-112; *Crossgrove v. Atlantic C. L. R. Co.*, 30 Ga. App. 462 (2) (118 SE 694) ; *Rothberg v. Bradley*, 85 Ga. App. 477 (2) (69 SE2d 293).

■ Where the petition further alleges the existence of a defective and dangerous condition existing on the premises of which the defendants, the owners thereof, had been given actual notice on four separate occasions over a period of at least two months before the occasion of the injury, it is, under the foregoing authorities, sufficient as against a general demurrer to show a violation of the duty of the owners to keep the premises safe.

■ Assuming but not deciding that the petition, construed most strongly against the plaintiff, shows that the tenant would have been unable to recover against the owners for injuries resulting from the defective and dangerous condition alleged to have existed on the premises because the tenant had knowledge of the existence of the defective and dangerous condition, this would not operate as a bar to the plaintiff here since the plaintiff alleges that she did not know of the existence of the dangerous condition and could not have discovered it in the exercise of ordinary care. This is true notwithstanding that under the rule announced in the *Crossgrove* case, supra, she, as an invitee of the tenant, stood in the shoes of the tenant as to her right to recover against the owners of the premises. *Rothberg v. Bradley*, 85 Ga. App. 477 (4), supra; *Dempsey v. Smith*, 108 Ga. App. 88 (132 SE2d 233).

The petition in this case which alleges that the plaintiff sustained personal injuries when she slipped on a thin, slippery surface on the steps of a building located on the premises owned by the defendants as she came out of the building after having just previously entered it, and which alleges that she had no warning or notice of the existence of the condition, and that there was nothing to attract her attention thereto or to attract the attention of any ordinarily prudent person to the dangerous condition, does not as against a general demurrer affirmatively show that the plaintiff was so lacking in the exercise of ordinary care as to be barred of a recovery. It follows that, under the principles of law stated in the foregoing headnotes and the authorities cited, the petition states a cause of action, and the trial court erred in sustaining the general demurrer thereto and in dismissing it.

   *Judgment reversed. Bell, P. J., and Hall, J., concur.*

   Submitted April 7, 1965—Decided June 8, 1965.

*James H. Fort,* for plaintiff in error.
*Foley, Chappell, Young, Hollis & Schloth,* contra.