24031. CORDER v. FULTON NATIONAL BANK, Executor.

FRANKUM, Justice. 1. "While *Code* § 110-709 provides that 'The judgment of a court having no jurisdiction of the person

or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it,' and *Code* § 110-701 provides that 'A void judgment may be attacked in any court and by any person,' these Code sections must be construed in the light of equally well established principles of law and equity to the effect that 'He who would have equity must do equity' (*Code* § 37-104); that he who comes into a court of equity with unclean hands must be denied relief (*McKinney v. Atkinson*, 209 Ga. 49 (70 SE2d 769), and cases cited); that one will not be permitted to take advantage of his own wrong (*Sheridan v. Sheridan*, 153 Ga. 262 (111 SE 906); *Clifton v. Dunn*, 208 Ga. 326 (66 SE2d 735); *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665)); and that one will not be permitted to trifle with the courts. *Merritt v. Merritt*, 210 Ga. 39 (77 SE2d 438)." *Musgrove v. Musgrove*, 213 Ga. 610 (100 SE2d 577).

2. Where it appeared from the facts set forth in the plaintiff's petition, the same being an equitable petition to set aside a divorce decree granted to the plaintiff's husband, since deceased, that after his purported petition for divorce was filed as a cross action in a suit for alimony, the plaintiff and her husband (the deceased) entered into an agreement respecting alimony and on the same day resumed cohabitation as man and wife, but failed to inform the court of that fact; that she thereafter, while continuing to live with her husband, signed a consent that the case be tried "before the judge and without a jury as soon after the appearance date as may be convenient," upon application of the principles set forth in the preceding headnote, even though the divorce decree may have been void, it affirmatively appeared from the petition that the plaintiff did not have clean hands so as to be entitled to invoke the aid of equity in securing relief from the aforesaid divorce decree, and a court of equity will, under these circumstances, leave the parties where it finds them and grant no relief to one who participated in obtaining the aforesaid fraudulently procured divorce decree.

3. Moreover, in order for a petition to state a cause of action for relief against the opposite party, it is essential that it affirmatively appear that to withhold the relief sought would result in damage to the complaining party or that the plaintiff has suffered or will suffer damages as a result

of the wrongful act of which complaint is made. *Evans v. Brooks,* 93 Ga. App. 352, 359 (91 SE2d 799); *Ogletree v. Kirven,* 104 Ga. App. 433, 434 (2) (121 SE2d 845); *Rogers v. Columbus Bank &c. Co.,* 111 Ga. App. 792 (1) (143 SE2d 438). See *East Side Lmbr. Co. v. Barfield,* 193 Ga. 273, 279 (4) (18 SE2d 492). The petition in this case showed on its face that the only possible benefit which the plaintiff could hope to realize from the successful maintenance of this action would be to share in the estate of her deceased former husband. The petition alleges that the deceased, shortly after procuring the divorce decree here sought to be set aside, executed his will under which the defendant is acting as executor. The will is not annexed to the petition as an exhibit nor are there any allegations as to its provisions. It cannot be presumed by this court that the deceased did not bequeath and devise his property to the plaintiff. In the absence of affirmative allegations that he did not leave his property to the plaintiff, her omission to allege this as a fact would authorize the court to presume that had she alleged the facts they would have been unfavorable to her. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Patterson v. Patterson,* 219 Ga. 186, 187 (132 SE2d 201); *Tarver v. Savannah Beach,* 96 Ga. App. 491, 494 (100 SE2d 616). If the deceased did in fact leave his property to the plaintiff, she has suffered no damage which the courts can restore to her in this action. It thus does not appear that the plaintiff stands to gain anything if she should prevail. For this additional reason the petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1967—DECIDED JULY 6, 1967—
REHEARING DENIED JULY 27, 1967.

*Cullen M. Ward, Ruth T. Barbee,* for appellant.
*Mary Jane Brock, Pope F. Brock,* for appellee.